*967 OPINION.
Sternhagen :
From a record far from certain as to the facts, some of which appear in testimony and documentary evidence given in Japan on written interrogatories, the foregoing findings have been made. They are not satisfactory because the absence of clear detail requires inferences of fact to serve as premises for conclusions of law. Perhaps it was necessary, or at least justifiable, that a closely held business should be reorganized with as little regard for detail or legal formality as is shown by this record; but if so, when the matter becomes of legal significance in litigation such as this, the tribunal can only take the evidence as it finds it, make such inferences as are necessary, as reasonably as possible, and from this reach its decision. In such a decision there can be little value by way of precept. Numerous issues are raised in the pleadings but in view of our decision it is unnecessary to consider them all.
Considering all the evidence, we find no foundation upon which to rest a conclusion other than that the stock of the Japan Company here in question was worth $425,000 as found by the Commissioner and was taken by the petitioner for assets which had cost $250,000, thus establishing a gain of $175,000 as part of petitioner’s 1918 income. This stock was not entirely worthless in 1918, although probably of doubtful value. In 1919 it became totally worthless and in that year petitioner sustained a loss of $425,000 by reason thereof. This loss should be included in the computation of petitioner’s admitted net loss of 1919 and applied against its 1918 income to redetermine the 19Í8 deficiency in question.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Green and Artjndell.